**GARY STEEL SUPPLY COMPANY, Plaintiff,**

**v.**

**Ronald REAGAN, in his capacity as President of the United States of America, et al; Defendants.**

**No. 88 C 9156.**

United States District Court, Northern District Illinois, E.D.

April 24, 1989.

---

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Gary Steel Supply Company ("GS") seeks reimbursement under § 106(b)(2) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. § 9606(b)(2), for funds expended by GS in complying with administrative orders issued by the United States Environmental Protection Agency ("EPA"). The EPA has moved to dismiss the complaint because SARA, which amended 42 U.S.C. § 9606 to provide for the compensation GS seeks, was effective as of October 17, 1986, after the EPA had issued its administrative order, and therefore the amendment does not apply to

the costs sought by GS. This is a case of first impression. We find that the amendment providing for reimbursement does not apply to GS and grant the motion to dismiss.

*Facts*

The essential facts, for purposes of this motion, appear to be undisputed. CERCLA provides that the EPA can issue administrative orders and bring civil proceedings requiring certain classes of persons associated with hazardous waste sites to remedy conditions at the sites which may pose imminent and substantial endangerment to public health or welfare or to the environment. Prior to October 17, 1986, persons receiving such an order were required to comply with it or face fines. If a person failed to comply, the EPA could bring an enforcement action against the person in federal court, at which time the person could raise as a defense to compliance that it was not properly liable under 42 U.S.C. § 9607 for cleanup costs. However, if the court held that the person had failed to comply with the order without sufficient cause, he could be held liable for punitive damages of up to three times the costs the EPA incurred as a result of the failure to comply. 42 U.S.C. § 9607(c)(3).

According to plaintiff, prior to 1976, GS delivered materials to the Conservation Chemical Company of Illinois ("CCCI"). CCCI used these materials to produce waste water treatment chemicals. Prior to 1976, CCCI's facility was not being used for disposal, storage, or treatment of these materials. On September 27, 1985, the EPA issued an administrative order naming GS as one of nineteen potentially responsible persons ("PRPs") for the presence of cynanide and/or acid materials discovered at the CCCI facility, and ordering the PRPs to undertake emergency removal activities at CCCI. GS and the other PRPs hired an environmental consultant, who prepared a plan. The group decided to undertake a voluntary cleanup of the site.

Meanwhile, SARA became effective on October 17, 1986. As of that date, 42 U.S. C. § 9606(b)(1) provided:

(1) Any person who, without sufficient cause, willfully violates, or fails or refuses to comply with, any order of the President under subsection (a) of this section may, in an action brought in the appropriate United States district court to enforce such order, be fined not more than $25,000 for each day in which such violation occurs or such failure to comply continues.

(2)(A) Any person who receives and complies with the terms of any order issued under subsection (a) of this section may, within 60 days after completion of the required action, petition the President for reimbursement from the fund for the reasonable costs of such action, plus interest....

(B) If the President refuses to grant all or part of a petition made under this paragraph, the petitioner may within 30 days of receipt of such refusal file an action against the President in the appropriate United States district court seeking reimbursement from the fund.

(C) Except as provided in subparagraph (D), to obtain reimbursement, the petitioner shall establish by a preponderance of the evidence that it is not liable for response costs under section 9607(a) of this title and that costs for which it seeks reimbursement are reasonable in light of the action required by the relevant order.

On April 16, 1987, the group submitted to the EPA a proposed plan for cleanup procedures at CCCI. The EPA approved the plan on April 30, 1987. On June 8, 1987, the group began cleanup work in accordance with the plan. This work was completed on May 25, 1988.

On July 21, 1988, GS petitioned the defendants for reimbursement under 42 U.S. C. § 9606(b)(2) for the amount it had spent: $219,233.75 in direct costs and approximately $20,000 in indirect costs. GS alleged that it was not liable under CERCLA for cleanup costs because it had not entered into any agreements or arrangements for the storage, treatment or disposal of materials at the CCCI facility. 42 U.S.C. § 9607(a)(3). GS further alleged that the reimbursement it sought was for reasonable costs. The EPA denied the petition in

a letter received by GS on September 27, 1988. The EPA's letter stated that the basis for its denial was that 42 U.S.C. § 9606 "does not authorize reimbursement with respect to orders received prior to the enactment of SARA." GS filed this action within thirty days of receipt of the EPA's letter.

The EPA has moved for dismissal on the same ground upon which it based its denial of the petition for reimbursement: that SARA is inapplicable to GS because the EPA's order was issued prior to SARA. GS argues that almost all expenses were incurred and all cleanup activities undertaken subsequent to the effective date of SARA and hence, the amendment applies to GS. We disagree and grant the motion to dismiss.

### Analysis

In considering defendants' motion to dismiss, the allegations of the complaint are taken as true along with reasonable inferences therefrom in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). Plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief.... Nevertheless, a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986) (citations omitted). The issue raised by defendants' motion is really a question of statutory interpretation.

Defendants argue that the 1986 amendments cannot apply to GS because the EPA order was issued prior to these amendments and retroactive application would be inappropriate since it is inconsistent with the amended statute, legislative intent, and the principle of narrowly construing waivers of sovereign immunity. Plaintiff responds that application of the amendments to its case is not retroactive, since all the cleanup activities and all or almost all the

expenses were incurred after the amendments were effective. GS further argues that even if this application were retroactive, the language of the statute and the legislative intent are consistent with such application.

We find the statutory language ambiguous with respect to the situation in this case. It is clear that Congress has not directly spoken to the precise question at issue. The amendment says, "Any person who *receives* and *complies* with the terms of any order ..." (emphasis added). Defendants argue that since plaintiff had, at the time the amendment became effective, already *received* and *agreed* to comply with the order, the amendment must be inapplicable. We find that agreeing to comply and actively complying are separate activities. Hence, the situation at the time the amendment occurred was that plaintiff had *received* the order but was *in the process of complying* with it when the amendment became effective.

Defendants argue that the use of the word "and" means that the amendment applies only to those who both received the order and complied with it after the effective date of the amendment. This construction of the amendment has some merit. If "Congress has not directly addressed the precise question at issue, [we do] not simply impose [our] own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). We find the above to be a permissible construction of the statute, and one which we must therefore uphold.

We further note that this construction is supported by the amendment's legislative history. Representative Dennis Eckart, who sponsored H.R. 2005, the bill that eventually became SARA, stated that:

This new provision is intended to provide incentives for parties to undertake the work required in the order, even if they have legal objections to performing the work. Thus, *effective after the date of enactment of these amendments, a party who receives an order* can begin work of environmental clean up while preserving its right to raise objections in a subsequent proceeding.

132 Cong. Rec. 9624 (daily ed. Oct. 8, 1986) (emphasis added).

As the EPA has pointed out, its interpretation of the statute is also consistent with the judicial rule of construing strictly in favor of the United States statutes waiving the United States' sovereign immunity. *See Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983). SARA clearly waives such immunity by permitting PRPs to bring suit for reimbursement against the United States.

Further, we find no merit in plaintiff's claim that the amendment permitting suit against the United States for reimbursement is procedural rather than substantive and, hence, should be applied to all cases after the effective date of the amendment. We think that the creation of an entirely new cause of action and right to recover from the United States after cleanup actions have been taken and funds expended creates a new cause of action and is, at least in part, a substantive change in the law. Legislative enactments affecting substantive rights and liabilities are presumed to be prospective absent clear statements by Congress to the contrary. *United States v. Security Industrial Bank*, 459 U.S. 70, 79–80, 103 S.Ct. 407, 413, 74 L.Ed. 2d 235 (1982); *United States v. Kairys*, 782 F.2d 1374, 1381 (7th Cir.), *cert. denied*, 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986). As noted above, Congress has made no clear statement of intent that the SARA provisions be retroactively applied. Hence, the amendments are presumed to operate prospectively only. Therefore, we believe that the EPA was correct in holding that § 9606(b)(2) is inapplicable to GS,

which agreed to comply with the EPA's order and commenced actions to comply with that order by hiring a consultant and creating a cleanup plan, prior to the effective date of § 9606(b)(2). Had plaintiff wished to assert its claim that it was not a liable party under § 9607, it could have refused to comply with the EPA's order in 1985. The EPA would then have brought an enforcement action, and GS could have asserted as defenses the claims forming the basis for this suit. So long as GS could demonstrate sufficient cause for its refusal, no fines would have been assessed against it. 42 U.S.C. § 9607(c)(3).

We therefore find that the EPA's construction of the statute was permissible in light of the wording and history of SARA, and uphold the EPA's denial of reimbursement.

### Conclusion

Defendants' motion to dismiss is granted. The case is dismissed with prejudice.